LAMONTAGNE, Respondent, vs. T. W. HARVEY LUMBER COM-
PANY, Appellant.

*February 1 — February 21, 1893.*

Res adjudicata.

Under the pleadings in a former action the issues embraced the deal
ings of the parties as late as 1886, but not later. No oral evidence
was given as to any transactions between them later than that
time, and under the charge of the court the jury had no right to
consider any such transactions. *Held,* that the mere fact that one
or two of the exhibits offered in evidence and taken by the jury
to their room contained items of transactions later than 1886 in ad-
dition to the items which were in issue, would not warrant the in-
ference that said later items were included in the verdict.

APPEAL from the Circuit Court for *Marinette* County.

This action was brought to recover $980.23, a balance
claimed to be due plaintiff from defendant for cutting and
hauling over 3,000,000 feet of pine logs during the winter
of 1887 and 1888; also to recover for a small item of mer-
chandise delivered to one Hassel at defendant's request.
The correctness of the items was admitted by the defend-
ant, but defendant claimed that they had been adjudicated
and allowed plaintiff in an action tried between the same
parties in the United States circuit court for the eastern
district of Wisconsin in February, 1889. Whether the
items here sued on were in fact involved in and determined
by the judgment in that action was the question litigated
in this action.

The record in the former action was introduced in evi-
dence, and it appeared therefrom that the action was
brought by *Lamontagne* against the *Harvey Lumber Com-
pany* for a balance of more than $8,000, claimed to be due
for cutting and hauling logs during the winters of 1883–84,
1884–85, and 1885–86, together with some smaller items,

none later than 1886. The complaint was verified in January, 1888. The answer alleged, substantially, payment by advances made on open account, and set forth a counterclaim for excess of alleged advances over and above the plaintiff's claims in a considerable sum, for which judgment was demanded. A reply was served to this counterclaim. No mention was made in the pleadings of any transactions subsequent to 1886. The action was tried in February, 1889, and a verdict was rendered in favor of the defendant upon its counterclaim of $166.56, upon which judgment was rendered March 9, 1889. No oral evidence of any transactions between the parties in 1887 or 1888 was given on the trial of the former action, but the defendant, in order to show that the transactions of 1887 and 1888 were in fact litigated and passed upon in the former action, offered in evidence in the present action certain transcripts of account between *Lamontagne* and the *Harvey Lumber Company* covering the debit and credit sides of the account between the parties from 1874 to 1889, and which included the items here sued on, with the evidence of the reporter on the trial of the former action, which tended to show that the accounts were received in evidence without objection in the former action, and were among the papers taken to the jury room by the jury, by consent of both parties. It was claimed by plaintiff that no mention was made on the trial of any items during 1887 and 1888, and that said items were not considered by the jury.

The defendant asked for a special verdict, and submitted certain questions, asking (1) whether the said transcripts of account were put in evidence on the trial of the former action; (2) whether they were objected to by plaintiff's counsel when offered; (3) whether they were given to the jury and taken to their room when they retired to consider their verdict. The court refused to submit these questions, and submitted the following: "First question: Were the trans-

actions between the parties involved in this action, to wit, those of the year 1888, involved in the issues tried by the court and submitted to the jury in the action tried between them in the circuit court of the United States in February, 1889? Second question: Did the jury in deciding that cause in the United States circuit court, consider the transactions between the parties during the year 1888, and involved in this action, and credit the plaintiff with the amount due him on said year's business?" The jury answered both questions in the negative, and from judgment in favor of the plaintiff on such verdict the defendant appeals.

*W. H. Webster*, for the appellant.

For the respondent there was a brief by *Fairchild & Fairchild*, attorneys, and *Geo. W. Bird*, of counsel, and oral argument by *Mr. Bird*.

WINSLOW, J. The judgment in this case must be affirmed. The only question at issue was whether the dealings of the parties in 1887 and 1888 were tried, considered, and included in the verdict and judgment in the former action. Under the theory of the law most favorable to defendant this could only be proven in two ways: *First*, by showing that the transactions were necessarily included in the issues made by the pleadings in the former action; and, *second*, by showing that, though not included in the pleadings, the transactions pro and con during those years were in fact investigated and litigated without objection, and submitted to the jury for decision.

It is frankly admitted that the transactions were not included in the pleadings, and the evidence falls far short of showing that they were litigated without objection and submitted to the jury. No word of oral evidence was given with regard to them. The charge of the court does not allude to them. In fact, under the charge of the court, the

jury had no right to consider them. The fact that one or two of the exhibits offered in evidence and taken by the jury to their room contained the items of the transactions of these years in addition to the items which were in issue in the action, would not warrant the inference that those items were included in the verdict. They were fugitive items, foreign to the issues tried and submitted, and not supported by any testimony.

*By the Court.*— Judgment affirmed.